UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**NICHOLAS MALINDRETOS.** | Case No. 23–mj–15018<br><br>ORDER FOR COMPETENCY EVALUATION |

**THIS MATTER h**aving come before the Court on the unopposed, oral motion of Adalgiza A. Nunez, counsel for defendant (Counsel), for a hearing to determine defendant's competency; and the Court finding:

1. The Court conducted an initial appearance on February 2, 2023. (ECF No. 4.) At the initial appearance, the Court appointed counsel for defendant, who advised that defendant consented to detention, with leave to make a bail application at a later time. (ECF Nos. 4, 5, 6, 7.)

2. Pursuant to defendant's request through counsel, the Court set a preliminary hearing for February 15, 2023. (ECF No. 4.) Counsel advised the Court on February 7, 2023 that defendant withdrew his request and waived his right to a preliminary hearing. (ECF No. 8.)

3. On August 18, 2023, Counsel requested the Court to schedule a status conference "to determine whether [defendant] still desire[d] to be represented by [Counsel's] office." (ECF No. 14.) Counsel explained that she "ha[d] been unable to meet with [defendant]." (*Id.*)

4. The Court set a status conference for August 31, 2023. (ECF No. 15.) However, defendant refused to leave his cell to attend the conference. Accordingly, the Court entered an order on August 31, 2023 "command[ing] … reasonable and necessary force" be used to bring defendant to a continued status conference set for September 5, 2023. (ECF No. 16.)

5. During the September 5, 2023 conference, defendant expressed his desire to have Counsel continue to represent him. (*Id.*) The Court scheduled a further status conference for October 23, 2023. (*See* ECF No. 18.)

6. At the October 23, 2023 conference, Counsel moved for a hearing to determine defendant's mental competency. (*Id.*) Upon Counsel's request, the

Court held an *ex parte* discussion with defendant and Counsel outside the presence of the government's counsel.  (*Id.*)

7.   Based on the Court's observations of defendant's behavior and demeanor from the initial appearance through the status conference on October 23, 2023, and the statements made by defendant during that status conference, the Court finds there is a reasonable basis to believe that defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to properly represent himself in his defense.

Accordingly,

**IT IS** on this   **30th** day of **October 2023**   **ORDERED** that:

1.   Defendant shall continue to be detained under the supervision of the United States Marshals Service pending his designation to an appropriate facility by the Federal Bureau of Prisons for the administration of an examination and evaluation to be conducted by a licensed psychiatrist or psychologist.  18 U.S.C. §§ 4241(b), 4247(b).

2.   The Federal Bureau of Prisons is hereby ordered to evaluate defendant to determine whether "he is unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense."  18 U.S.C. § 4247(c)(4)(A).

3.   Pursuant to 18 U.S.C. § 4247(c), the Federal Bureau of Prisons shall prepare a psychiatric or psychological report of its examination and conclusions for filing under seal with the Court and, if necessary, testify to its findings.

4.   Absent a separate order, the Court will hold a hearing on a date to be set by the Court, to determine, "by a preponderance of the evidence [whether] … defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(c), (d).

5.   This action is hereby continued for the period from the date this order is signed through and including the date of the Court's determination of the mental competency of defendant.  However, this period shall be excludable in

computing time under the Speedy Trial Act of 1974, pursuant to 18 U.S.C. §3161(h)(1)(A).

                                                                */s/ Edward S. Kiel*
                                                                **EDWARD S. KIEL**
                                                                 **UNITED STATES MAGISTRATE JUDGE**