# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>NICHOLAS MALINDRETOS | Hon. Stacey D. Adams<br><br>Mag. No. 23-mj-15018<br><br>ORDER FOR DEFENDANT'S TRANSFER, TREATMENT REPORT AND CONTINUANCE PURUSANT TO 18 U.S.C. § 4241 |

This matter having come before the Court, for a hearing on the mental competency of Defendant Nicholas Malindretos ("Defendant") pursuant to Title 18, United States Code, Section 424l(c) and Section 4247(d), with John Giordano, Esq., United States Attorney for the District of New Jersey (Joseph Gribko, Esq., Assistant U.S. Attorney, appearing) and Defendant (Adalgiza A. Nunez, Esq., Assistant Federal Public Defender, appearing with Defendant) appearing, and the Court having reviewed the forensic evaluation of Robin Watkins, Ph.D., and having heard testimony on March 11, 2025, and the Court finding that an Order pursuant to 18 U.S.C. § 4241(d) is necessary, for good and sufficient cause shown,

IT IS THE FINDING OF THIS COURT THAT:

1. On October 30, 2023, Defendant was designated to a Bureau of Prison Facility for mental evaluation to determine his competency to stand trial (ECF No. 20);

2. On November 4, 2024, Robin Watkins, Ph.D., a Board Certified Forensic Psychologist, issued a forensic evaluation concerning Defendant's competency to stand trial (Exh. 1);

3. Upon review of report, and after hearing the testimony of Dr. Watkins, it is this Court's conclusion, by a preponderance of the evidence, that Defendant is presently suffering

from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and/or to properly assist in his defense.

4. More specifically, Dr. Watkins diagnosed Defendant with (i) Other Specified Schizophrenic Spectrum and Other Psychotic Disorder; and (ii) Other Specified Depressive Disorder, and also could not rule out Schizoaffective Disorder, and concluded that these disorders are presently severe enough to impair Defendant's functioning; Dr. Watkins further concluded that Defendant had difficulty focusing to the extent he currently lacks the capacity to assist his counsel in his defense. Dr. Watkins surmised that:

> In sum, Mr. Malindretos appeared to have good factual understanding of court procedures. However, his thought disturbance appeared to interfere with his engagement with the evaluation, such that his ability to articulate this understanding and his ability to apply the concepts relevantly to his case was difficult to assess. Based on information from his attorney, it appears he may have some difficulty focusing on relevant evidence and moving past specific points of discussion. This observation relates to the defendant's capacity to assist counsel, which also appears limited, based on his consistent inability to engage meaningfully with his attorney in case-related discussions, and a similarly observed pattern of behavior during the present evaluation. If brief (30 minutes or less) interviews are too intensive for Mr. Malindretos to sustain without feeling fatigued and overwhelmed, it is likely that he would similarly have difficulty sustaining attention during even more demanding and structured court hearings. There is no evidence to suggest he has demonstrated the ability to sustain meaningful interactions with either this examiner or his attorney thus far without terminating the interviews. Based on the totality of these findings, it is the opinion of the undersigned that Mr. Malindretos presently meets criteria for mental diseases, Other Specified Schizophrenia Spectrum and Other Psychotic Disorder, and Other Specified Depressive Disorder, which impair his ability to understand the nature and consequences of the proceedings against him, and to assist properly in his defense. Consequently, it is the opinion of the

undersigned that Mr. Malindretos is not competent to proceed at this time.

*See* Dr. Watkins Forensic Evaluation, Exh. 1.

5. On March 11, 2025, the Court held a hearing pursuant to Title 18, United States Code, Section 4241(c), and Section 4247(d) at the request of the parties to evaluate Dr. Jenkins' report; and

**IT IS on this 11th day of March, 2025, HEREBY ORDERED**:

6. That Defendant is, pursuant to Title 18, United States Code, Section 4142(d), committed to the custody of the Attorney General or his authorized representative.

7. That Defendant is remanded to the custody of the U.S. Marshal's Service, subject to his designation to an appropriate facility by the Federal Bureau of Prisons for hospitalization for treatment as follows:

   (i) for such a reasonable period of time, not to exceed **four months**, as is necessary to determine whether there is a substantial probability that in the foreseeable future Defendant will be restored to competency such that he attains the capacity to permit the proceedings to go forward; and

   (i) for an additional reasonable period of time until

   (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

   (B) the pending charges against him are disposed of according to law; whichever is earlier; and

  (ii) the facility is to provide Defendant with a medication evaluation to determine what psychotropic interventions are appropriate,

  (iii) Defendant is to simultaneously receive psychotropic medication, and individual and group therapy sessions as recommended, and

  (iv) Defendant is to be provided this targeted therapy and psychotropic medication continually and consistently.

8. This action is hereby continued for the period from March 11, 2025 through and including the date of the Court's determination of the mental competency of the defendant, pursuant to 18 U.S.C. §3161 (h)(l)(A).

9. The period between March 11, 2025 through and including the date of the Court's determination of the mental competency of the defendant, shall be excludable in computing time under the Speedy Trial Act of 1974, pursuant to 18 U.S.C. §3161(h)(l)(A).

10. There shall be a status conference before Magistrate Judge Adams on July 1, 2025 at 12:30 p.m.

It is so ORDERED on this **11th day** of **March, 2025.**

            *s/ Stacey D. Adams*
            HON. STACEY D. ADAMS
            UNITED STATES MAGISTRATE JUDGE